UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID WILLIAMS
MOVANT (PRO SE)

V.

UNITED STATES OF AMERICA
GOVERNMENT

CASE NO. 7:09-CR-558 (CM)

DOCK NOS. 11-2884-CR (CON)

## MOTION TO;

INVOKE CONSTITUTIONAL PROTECTIONS, UNDER THE 5TH AND 6TH AMENDMENT, OF THE U.S. CONSTITUTION'S DUE PROCESS CLAUSE; AND TO ARREST THE CRIMINAL JUDGMENT IN LIGHT OF RULE 60(B)(4)'S VOID JUDGMENT PRONG, AND NEWLY ESTABLISHED SUPREME COURT CASELAW, WHICH INVALIDATES, MR WILLIAMS ENTIRE SENTENCE AND CONVICTION AS VOID. BECAUSE AS THE LAW STANDS, "IF THE UNDERLYING JUDGMENT IS VOID, IT IS A PER SE ABUSE OF DISCRETION FOR A DISTRICT COURT TO DENY A MOVANT'S MOTION TO VACATE THE JUDGMENT UNDER RULE 60(B)(4)" SEE NORTHRIDGE CHURCH V. CHARTER TWP. OF PLY-MOUTH, 647 F.3d 606, 611 (6TH CIR. 2011)(CITATION OMITTED); SEE UNITED STUDENT AID FUNDS, INC. V. ESPINOSA, 559 U.S. 260, 270, 130 S.CT. 1367, 176 L.ed. 2d 158 (2010); SEE ALSO RULE 60(B)(6)(ANY OTHER REASON JUSTIFYING RELIEF FROM THE OPERATION OF JUDGMENT).

[GOVERNING LAW & SOURCE OF LAW]

PG1.   UNITED STATES V. WILTBERGER, 5 WHEAT 76, 96, 5 L.ed. 37, 42; SEE

UNITED STUDENT AID FUNDS, INC. V. ESPINOSA, 559 U.S. 260, 270, 130

S.CT. 1367, 176 L.ed. 2d 158 (2010). SEE UNITED STATES V. DAVIS, 588 U.S. ___ (2019)(ANNOUNCING A NEW RULE OF CONSTITUTIONAL LAW TO BE APPLIED RETROACTIVELY TO CASES PENDING ON DIRECT REVIEW AND THOSE CASES WHICH HAS ALREADY BEEN HELD TO BE FINAL). SEE UNITED STATES V. TAYLOR, 596 U.S. ___ (2022). SEE ALSO RULE 60(B)(4)

[CONSTITUTIONAL LAW]

UNITED STATES CONSTITUTIONAL LAW 197; SEE CONSTITUTIONAL LAW § 266(7). SEE DUE PROCESS CLAUSE; SEE UNITED STATES CONSTITUTIONAL AMENDMENT VI; SEE U.S. CONSTITUTIONAL AMENDMENT VIII (PRO-HIBITING CRUEL AND UNUSUAL PUNISHMENT). SEE ALSO CORPORAL PUN-ISHMENT: "PHYSICAL PUNISHMENT," PUNISHMENT THAT IS INFLICTED UPON THE BODY, (INCLUDING IMPRISONMENT); HENRY CAMPBELL BLACK DICTION-ARY OF LAW 7TH ED: [SEE CORPORAL PUNISHMENT; PUNISHMENT INFLICTED ON A PERSON'S BODY - SEE ALSO CRUEL AND UNUSUAL PUNISHMENT (● THE PROHIBITION ON CRUEL AND UNUSUAL PUNISHMENT IN THE EIGHTH AMEND-MENT TO THE U.S. CONSTITUTION IMPOSES LIMITS ON THE USE OF CORPORAL PUNISHMENT ON CONVICTED OFFENDERS AND PRISONERS. THE U.S. SUP-REME COURT HAS FOUND THE EIGHTH AMENDMENT TO BE INAPPLICABLE TO CORPORAL PUNISHMENT ON SCHOOL CHILDREN)].

[JUDICIAL NOTICE AS PROOF OF CLAIM.]

EVIDENCE § 2 - JUDICIAL NOTICE AS FORM OF PROOF; TO SAY THAT A COURT WILL TAKE JUDICIAL NOTICE OF A FACT IS MERELY ANOTHER WAY OF SAYING THAT THE USUAL FORMS OF EVIDENCE WILL BE DISPENSED WITH IF KNOWLEDGE OF THE FACT CAN BE OTHERWISE ACQUIRED. SEE ALSO

EVIDENCE §2—JUDICIAL NOTICE IS NOT JUDICIAL KNOWLEDGE: JUDICIAL NOTICE IS NOT JUDICIAL KNOWLEDGE; AND ONE HAVING THE BURDEN OF ESTABLISHING A FACT OF WHICH A COURT MAY TAKE JUDICIAL NOTICE IS NOT IN CONSEQUENCE RELIEVED OF THE NECESSITY OF BRINGING THE FACT TO THE KNOWLEDGE OF THE COURT. — SEE JUDICIAL NOTICE. SEE 5 WIGMORE, EVID. §2567;

## JURISDICTION OF THE COURTS

THIS COURT HAS JURISDICTION OVER THIS CLAIM AND SUBJECT MATTER, PURSUANT TO FEDERAL COURTS 26.1. C.J.S. COURTS §§ 71-73; SEE ALSO GENERAL JURISDICTION UNDER COURTS 118-158.1; SEE SUBJECT MATTER JURISDICTION, AT COURTS 4;

## LIBERALLY CONSTRUED

IN LIGHT OF THE MOVANT'S PRO SE STATUS, HE REQUESTS THAT THIS PRO SE PLEADING BE LIBERALLY CONSTRUED UNDER HAINES V. KERNER, 404 U.S. 519, 92 S.CT. 594, 30 L.Ed. 2d 652 (1972)(INSTRUCTING LOWER COURTS TO CONSTRUE PRO SE PLEADINGS LIBERALLY); MR. WILLIAMS MAKES AN ADDITIONAL REQUEST FOR THIS COURT TO ADOPT THE SECOND CIRCUIT RULING IN TRIESTMAN V. FEDERAL BUREAU OF PRISONS, 470 F.3d 471 (2nd CIR. 2006)(PER CURIUM) (REQUIRING COURTS TO RAISE THE STRONGEST ARGUMENT IT SUGGESTS).

PG 3.

## [STANDARD OF REVIEW]

RULE 60(B)(4) - VOID JUDGMENT; SEE ALSO RULE 60(B)(6)- ANY OTHER REASON JUSTIFYING RELIEF FROM THE OPERATION OF THE JUDGMENT;—

"A VOID JUDGMENT IS ONE SO AFFECTED BY A FUNDAMENTAL INFIRMITY THAT THE INFIRMITY MAY BE RAISED EVEN AFTER THE JUDGMENT BECOMES FINAL." UNITED STUDENT AID FUNDS, INC. V. ESPINOSA, 559 U.S. 260, 270, 130 S.CT. 1367, 176 L.ed. 2d 158 (2010). THUS, "RULE 60(B)(4) APPLIES ONLY IN THE RARE INSTANCE WHERE A JUDGMENT IS PREMISED EITHER ON A CERTAIN TYPE OF JURISD-ICTIONAL ERROR OR ON A VIOLATION OF DUE PROCESS THAT DEPRIVES A PARTY OF NOTICE OR THE OPPORTUNITY TO BE HEARD." Id. AT 271. IN NORTHRIDGE CHURCH V. CHARTER TWP. OF PLYMOUTH; THE COURT RECOGNIZED THAT "IF THE UNDERLYING JUDGMENT IS VOID, IT IS A "PER SE" ABUSE OF DISCRETION FOR A DISTRICT COURT TO DENY A MOVANT'S MOTION TO VACATE THE JUDGMENT UNDER RULE 60 (B)(4)". 647 F.3d 606, 611 (6TH CIR. 2011)(EMPHASIS ADDED). SEE DAYS INNS WORLDWIDE, INC. V. PATEL, 445 F.3d 899, 903 (6TH CIR. 2006), "THE VALIDITY OF A COURT ORDER DEPENDS ON THE COURT HAVING JUR-ISDICTION OVER THE SUBJECT MATTER AND THE PARTIES." SEE INS. CORP. OF IRELAND, LTd. V. COMPAGNIE DES BAUXITES DE GUINEE, 456 U.S. 694, 701, 102 S.CT. 2099, 72 L.ed. 2d 492 (1982).

---

## BRIEF PROCEDURAL HISTORY

MR WILLIAMS WAS ARRESTED ON MAY 20TH 2009, AND CHARGED, ALONG WITH, 3 OTHER CO DEFENDANTS, OF ACTS AGAINST THE UNITED STATES AND TERRORISM, IN A CASE THAT SHOULD BECOME THE CURRENT AND FUTURE TEXT BOOK MODEL FOR

PG4.

CORRUPTION AND ENTRAPMENT; NEVER THE LESS, MR. WILLIAMS MAIN-
TAINED HIS INNOCENCE AND EXERCISED HIS CONSTITUTIONAL RIGHTS
TO TRIAL BY JURY. ON OCTOBER 18, 2010. THE JURY RETURNED A GUIL-
TY VERDICT AGAINST THE MOVANT ON ALL COUNTS OF THE INDICTMENT.
MR WILLIAMS RECEIVED A 25YR TERM OF IMPRISONMENT WHICH HE'S
CURRENTLY SERVING, AND NOW APPEALING AS A MATTER OF LAW.
MR WILLIAMS ASSERTS THAT HIS CONVICTION AND SENTENCE IN ITS ENT-
IRETY ARE VOID AND CONTRARY TO THE LAWS AND PRINCIPLE OF THE SUPR-
EME COURT. THE FOLLOWING APPEAL COMES TO FOLLOW—

## [STATEMENT OF CASE]

SINCE MR WILLIAMS'S ARREST AND CONVICTION; BEFORE THE
DISTRICT COURT, OVER A DECADE AGO; THE LEGAL LANDSCAPE
HAS DEVELOPED SIGNIFICANTLY IN THIS CIRCUIT AND THE ENTIRE
BODY OF JURISPRUDENCE.
THE LEGAL CHANGES TO THE LAW AND PROCEDURES, HAS CAUSED
SOMETHING LIKE A JUDICIAL HURRICANE, THAT HAS MADE SOME
OF THE MOST LEARNED JUSTICES REEVALUATE THEIR OWN INTER-
PRETATION AND CONSTRUCTION OF THE LAW. THUS, ADDING A NEW
REALM OF JUDICIAL KNOWLEDGE, TO THE JURIST THAT PREVIO-
USLY MAY OR MAY NOT HAVE BEEN KNOWN, UNDERSTOOD, MISINTER-
PRETED, OR ACCEPTED, BEFORE SUCH LEGAL DEVELOPEMENTS MAN-
IFESTED.

PGS.

HERE, MR WILLIAMS ASSERTS THAT HIS CURRENT SENTENCE AND
CONVICTION ARE VOID PURSUANT TO "WHAT CONSTITUTES" A VIO-
LENT FEDERAL FELONY OR "CRIME OF VIOLENCE" CATEGORICALLY,

AND THAT HE SHOULD BE GRANTED RELIEF BY WAY OF IMMEDI-
ATE RELEASE, OR HAVE HIS SENTENCE AMENDED TO REFLECT
TIME SERVED AND IMMEDIATE RELEASE.

SUCH REQUEST IS REASONABLE IN LIGHT OF THE LAW AS IT
STANDS TODAY, AND IN THE WAKE OF CONTROLLING SUPREME
COURT CASELAW, WHICH IS INTERVENING IN THIS MATTER. SEE
UNITED STATES V. TAYLOR, 596 U.S. __ (2022); SEE UNITED STATES
V. DAVIS, 588 U.S. __ (2019); SEE ALLEYNE V. UNITED STATES, 570
U.S. 99, 133 S.CT. 2151, 186 L.ed. 2d 314 (2013), INTER ALIA.

MR WILLIAMS STRONGLY AND LAWFULLY REASONS THAT
EACH OF THE ABOVE SUPREME COURT AUTHORITES HAVE
CHANGED THE LEGAL SYSTEM. THUS, REQUIRING A CHANGE IN
THE WAY COMMON-LAW, CIVIL LAW, AND CRIMINAL LAW IS PR-
ACTICED.

THE MOVANT ASSERTS THAT THE LEGAL CHANGE IN SUB-
STANTIVE LAW HAS IMPACTED HIS SENTENCE AND CONVICT-
ION TO THE POINT OF VOID: AS THE LAWS OF THE UNITED
STATES DON'T CATEGORICALLY RECOGNIZE CONSPIRACY
OFFENSES PER SE, OR ATTEMPT OFFENSES PER SE, AS
QUALIFYING VIOLENT FELONYS UNDER THE RESIDUAL CLAUSE
ANYMORE. THUS, DIRECTLY IMPACTING THE SENTENING PACK-
AGE THAT HE WAS CONVICTED UNDER AS VOID THROUGH STA-
TUTORY CONSTRUCTION. AND STARE DECISIS, IN LIGHT OF SUP-
REME COURT CASELAW.

THE MOVANT ASSERTS THAT BY STATUTORY INTERPRETATION,
HIS CONVICTION FOR THE OFFENSES OF CONSPIRACY TO USE
WEAPONS OF MASS DESTRUCTION IN THE UNITED STATES IN CO-

NNECTION WITH AN ALLEGED PLOT TO DESTROY MILITARY AIRCR-
AFT AND PLACE EXPLOSIVE DEVICES AT SYNAGOGUES, AND
WITH CONSPIRACY TO ACQUIRE AND USE ANTI-AIRCRAFT MISS-
ILES, IN VIOLATION OF 18 U.S.C. §§ 2332A (A)(2)(C) AND 2332G(A)(1),
(B)(1), (B)(5); AND ATTEMPT TO USE WEAPONS OF MASS DESTRUCT-
ION IN VIOLATION OF 18 U.S.C. § 2332A, AND ATTEMPT TO ACQUIRE
AND USE ANTI-AIRCRAFT MISSILES IN VIOLATION OF 18 U.S.C. § 2332
G; AS WELL AS CONSPIRACY TO KILL OFFICERS AND EMPLOYEES
OF THE UNITED STATES IN VIOLATION OF 18 U.S.C. § 1114, 1117; AND
ATTEMPT TO USE WEAPONS OF MASS DESTRUCTION NEAR
OR AT THE RIVERDALE TEMPLE, IN THE BRONX, THE RIVERDALE
JEWIS CENTER IN THE BRONX, AND THE NEW YORK AIR NATION-
AL GUARD BASE AT NEWBURGH; ARE NOT 'CRIMES OF VIOLENCE'
AS THAT TERM IS USED IN TODAY'S LEGAL LANDSCAPE. SEE
18 U.S.C. 924(C); SEE UNITED STATES V. DAVIS, 139 S.CT. 2319, 204 L.
ED. 2d 757 (2019).

---

### [ARGUMENT BEFORE THE COURTS]

MR WILLIAMS FILES HIS CURRENT RULE 60(B)(4) AND (B)(5)
MOTION, IN LIGHT OF NEW LEGAL DEVELOPEMENTS BY THE SUP-
REME COURT THAT INVALIDATED CONSPIRACY OFFENSES AS
CRIMES OF VIOLENCE UNDER THE ELEMENTS CLAUSE OF THE
UNITED STATES SENTENCING GUIDELINE; BECAUSE SUCH OFF-
ENSES CAN BE COMMITTED WITHOUT THE USE, ATTEMPTED USE,
OR THREATENED USE, OF PHYSICAL FORCE AGAINST A PERSON OR
PROPERTY OF ANOTHER. AS CONSPIRACY TO COMMITT—"ONLY

REQUIRES THAT AN AGREEMENT TO COMMIT A CRIME BY TWO
OR MORE PEOPLE BE MADE." – (EMPHASIS ADDED).

MR WILLIAMS REQUESTS THAT THIS COURT TAKE JUDICIAL
NOTICE OF UNITED STATES V. TAYLOR, 596 US. __ (2022) WHICH
INVALIDATED ATTEMPTED HOBBS ACT ROBBERY AS A CRIME OF
VIOLENCE; AND CATEGORICALLY CALLED INTO QUESTION ALL CRI-
MES OF VIOLENCE THAT HAVE AS IT'S ELEMENT, 'ATTEMPT.'
ITS UNDISPUTABLE THAT THE TAYLOR COURT ARRIVED AT ITS
DESTINATION THROUGH THE USE OF STATUTORY CONSTRUCTION.
BATES V. UNITED STATES, 522 U.S. 23, 29, 118 S.CT. 285, 139 L.ed. 2d
215 (1997). SEE HOFFMAN ESTATES V. FLIPSIDE, HOFFMAN ESTATES,
INC., 455 US 489, 494, N5, 71 L. ED 2d 362, 102 S.CT. 1186 (1982). SEE
ALSO UNITED STATES V. DAVIS, 139 S.CT. 2319, 204 L.ed. 2d 757
(2019)(MANDATING A CATEGORICAL APPROACH WHEN APPLYING
STATUTORY INTERPRETATION TO CRIMINAL PENAL STATUTES).

MR WILLIAMS ASSERTS THAT IF THE COURTS WERE TO FOLL-
OW THE LAW AS THE SUPREME COURT INTERPRETS IT TODAY,
THIS COURT WOULD REACH THE SAME CONCLUSIONS OF LAW.
CONSPIRACY AND ATTEMPT OFFENSES, NOTWITHSTANDING
SEPERATE AGGRAVATING FACTORS, ARE NOT QUALIFYING CRIMES
OF VIOLENCE UNDER THE ELEMENTS CLAUSE. THUS, IN PRIN-
CIPLE AND INTERPRETATION; THE SUPREME COURT HAS UNDER-
MINED TO THE POINT OF ABROGATION ANY 2nd CIRCUIT CASELAW
OR PRINCIPLE, THAT THE ELEMENTS OF CONSPIRACY (AN AGREE-
MENT TO COMMIT A CRIME), OR ATTEMPT (SUBSTANTIAL STEP,
VIOLENT OR NON VIOLENT), CATEGORICALLY QUALIFY AS A CRIME
OF VIOLENCE; IN LIGHT OF THE RESIDUAL CLAUSE'S CONDUCT

BASE APPROACH BEING UNCONSTITUTIONAL. UNITED STATES V. DAVIS, 139 S.CT. 2319, 204 L.Ed. 2d 757 (2019). SEE ALSO GENE-RALLY SESSIONS V. DIMAYA, 138 S.CT. 1204, 200 L.Ed. 2d 549 (2018). HERE, MR. WILLIAMS IS ENTITLED TO BE HEARD FOR THE FOLLOW-ING REASONS —

(1) HIS RIGHTS TO FAIR NOTICE AFFORDS HIM DUE PROCESS OF LAW AND A RIGHT TO CHALLENGE HIS CONVICTION AND SENTENCE THAT MAY HAVE BEEN ISSUED UNCONSTITUTIONALLY. SEE UNITED STATES V. UNITED STATES COIN AND CURRENCY, 401 U.S. 715, 91 S.CT. 1041, 28 L.Ed. 2d 434 (1971); SEE EX PARTE SIEBOLD, 100 U.S. 371, 25 L.Ed. 717 (1880). SEE ALSO UNITED STATES V. L. COHEN GROCERY CO, 255 U.S. 81, 65 L.Ed. 516, 14 A.L.R. 1045, 41 SUP. CT. REP. 298.

(2) HIS CONVICTION AND SENTENCE UNDER THE RESIDUAL CLAUSE IS VOID AND NULL (PER SE); BECAUSE THAT SENTENCING PACKAGE WAS UNCONSTITUTIONAL. AT THE TIME OF MR. WILLIAMS SENTENCE, IT WAS UNCONSTITUTIONAL AT THE TIME OF THE SUPREME COURT'S DAVIS MANDATE. IN OTHER WORDS, AS THE DAVIS COURT RECOGN-IZED IN ITS RULING, "IF A LAW IS UNCONSTITUTIONAL, ... IT HAS ALWAYS BEEN UNCONSTITUTIONAL." (CITING PRINCIPLE OF UNITED STATES V. DAV-IS) AND

(3) HIS CONVICTION AND SENTENCE IS INVALID AFTER THE SUP-REME COURT'S RULING IN UNITED STATES V. TAYLOR, 596 U.S. ___ (2022), THAT CALLED INTO QUESTION THE SUBSTANTIVE ASPECT OF MR. WILLIAMS CONVICTION AND SENTENCE; INTER ALIA, FOR THE SECOND TIME WITH AN INTERVENING SUPREME COURT

PG 9.

CASE, THUS, REQUIRING A HEARING BEFORE THE DISTRICT COURT TO DECIDE THE INTERVENING SUPREME COURT MATTER. SEE UNITED STATES V. HOLLMAN, 774 F. APP'X 303, 304 (7TH CIR. 2019)(PER CURIAM)(UNPUBLISHED)(REMANDING "TO ALLOW THE DISTRICT COURT TO HEAR [THE PARTIES'] COMPETING POSTIONS AND CONSIDER THE PROPER APPLICATION OF HAYMOND"); SEE THOMAS V. ATT'Y GEN., FLA., 795 F.3d 1286, 1294 (11TH CIR. 2015)(REMANDING AND DISTRICT COURT "TO CONSIDER THE INTERVENING CHANGES" IN SUPREME COURT CASELAW); AND

(4) THE MOVANT STATES THAT SINCE RULINGS IN DAVIS, ALLEYNE, AND TAYLOR ALL IMPACTED HIS CONVICTION AND SENTENCE IN ONE WAY OR ANOTHER, WITHOUT HIM HAVING THE OPPORTUNITY TO APPLY THOSE LEGAL RAMIFICATIONS TO HIS PROCEDURE AT THE FIRST INSTANCE, DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAW, REQUIRES THE COURT TO ADDRESS THIS MATTER BECAUSE AS WEBSTER V. FALL INSTRUCTED, "QUESTIONS WHICH MERELY LURK IN THE RECORD, NEITHER BROUGHT TO THE ATTENTION OF THE COURT NOR RULED UPON, ARE NOT TO BE CONSIDERED AS HAVING BEEN SO DECIDED AS TO CONSTITUTE PRECEDENTS," 266 U.S. 507, 511, 45 S.CT. 148, 69 L.Ed. 411 (1925). THE MOVANT ADDRESSES EACH ARGUMENT IN TURN. . .

## [RIGHTS TO FAIR NOTICE]

IN E.G., MACKEY V. UNITED STATES, THE SUPREME COURT DEFINED THE DOCTRINAL PEDIGREE AND RATIONAL BEHIND THE "SUBSTANTIVE EXCEPTION" THAT REQUIRES RETROACTIVITY AS A MATTER OF

PG10.

CONSTITUTIONAL INTERPRETATION, FOR CERTAIN KINDS OF PRIMARY, AND PRIVATE INDIVIDUAL CONDUCT BEYOND THE SCOPE OF PUNISHMENT. SEE 401 U.S. 667, 692, 91 S.CT. 1160, 28 L.Ed. 2d 404 (1971)(HARLAN, J., CONCURRING)(DEFINING SUBSTANTIVE RULES THAT WARRANT RETROACTIVITY AS "THOSE THAT PLACE, AS A MATTER OF CONSTITUTIONAL INTERPRETATION, CERTAIN KINDS OF PRIMARY, PRIVATE INDIVIDUAL CONDUCT BEYOND THE POWER OF THE CRIMINAL LAWMAKING AUTHORITY TO PROSCRIBE")(EMPHASIS ADDED).

HERE, MR WILLIAMS ASSERTS THAT HIS CONVICTION HAS TO BE OVERTURNED IN LIGHT OF DUE PROCESS AND THE EX POST FACTO CLAUSE'S PROHIBITION AGAINST CRIMINAL PENALTIES IMPOSED RETROACTIVELY. SEE GENERALLY NORMAN J. SINGER, SUTHERLAND STATUTORY CONSTRUCTION § 41.03, AT 344 (5TH Ed. 1993). THE FACT THAT THE CONSTITUTIONAL DOCTRINE OF THE 'EX POST FACTO CLAUSE, MEANS "RETROACTIVE", IS ENOUGH TO SHOW THIS COURT THAT MR WILLIAMS RIGHTS TO FAIR NOTICE WERE INFRINGED UPON AND THAT THE SUPREME COURT'S RULING IN BOTH, UNITED STATES V. DAVIS, 139 S.CT. 2319, 204 L.Ed. 2d 757 (2019) AND UNITED STATES V. TAYLOR, 596 U.S. ___ (2022), REQUIRES RETROACTIVE EFFECTS THAT MAKES MR WILLIAMS CONVICTION AND SENTENCE AS VOID. MR WILLIAMS REASONS THAT SINCE THE SUPREME COURT INVALIDATED THE RESIDUAL CLAUSE, HIS OFFENSES OF ATTEMPT AND CONSPIRACY PURSUANT TO 18 U.S.C. § 2332A, 18 U.S.C. § 2332G, AND 18 U.S.C. §§ 1114, 1117; CAN'T QUALIFY AS CRIMES OF VIOLENCE ANYMORE, SEE UNITED STATES V. BARRETT, 903 F.3d 166 (2d CIR. 2018), VACATED 139 S.CT. 2774, 204 L.Ed. 2d 1154 (2019), WHICH DAVIS ABROGATED IN LIGHT OF THE SECOND CIRCUIT HOLD-

PG 11.

ING THAT APPLYING A CONDUCT-SPECIFIC APPROACH TO § 924(C)'S RESIDUAL CLAUSE AVOIDS CONSTITUTIONAL CONCERNS AND SAVES THE CLAUSE. THE COURT ALSO IMPLICITLY ABRO-GATED BARRETT'S ALTERNATIVE HOLDING THAT A "CONSPIR-ACY" TO COMMIT A "CRIME OF VIOLENCE" IS ITSELF A "CRIME OF VIOLENCE" UNDER THE RESIDUAL CLAUSE. SEE GENERALLY UNITED STATES V. BARRETT, 937 F.3d 126 (2d CIR. 2019) (EMPHASIS ADDED). MR WILLIAMS POINTS OUT THAT BARRETT IS INSTRUC-TIVE HERE, DUE TO THE DAVIS COURT'S ABROGATION OF THE PRINCIPLE HOLDING THAT "CONSPIRACY TO COMMIT A CRIME OF VIOLENCE, IS ITSELF, A CRIME OF VIOLENCE". (EMPHASIS ADDED). BECAUSE THE MOVANT'S ENTIRE CASE FOUNDATION WAS BASED ON THE INVALID, AND "PRECONCEIVED" RATIONAL, THAT CONSPIRACY TO COMMIT ACTS OF TERRORISM, ARE IN FACT, CRIMES OF VIOLE-NCE. HIS RIGHTS TO FAIR NOTICE IN LIGHT OF DUE PROCESS ARE AT ITS ZENTH SINCE THE INVALID COURT RATIONAL EFFECTED HIS FUNDAMENTAL RIGHTS TO A FAIR AND IMPARTIAL REVIEW; BECAUSE AS JUSTICE BRADLEY, SIEBOLD'S AUTHOR EXPRESSED, "IT IS DIFFICULT TO SEE WHY A CONVICTION AND PUNISHMENT UNDER AN UNCONSTITUTIONAL LAW IS MORE VIOLATIVE OF A PERSON'S CONSTITUTIONAL RIGHTS, THAN AN UNCONSTITUTION-AL CONVICTION AND PUNISHMENT UNDER A VALID LAW". IN RE NIELSEN, 131 U.S. 176, 183, 9 S.CT. 672, 33 L. Ed. 118 (1889); SEE ALSO EX PARTE SIEBOLD, 100 U.S. 371, 25 L. Ed. 717 (1880).

THE MOVANT ASSERTS THAT HIS RIGHTS TO FAIR NOTICE AFFORDS HIM RELIEF IN THIS MATTER AND A HEARING BEFORE THE DIS-TRICT COURT, AS PROCEDURAL DUE PROCESS DEMAND. HAMDI V.

PG12.

Rimsfeld, 542 U.S. 507, 124 S.Ct. 2633, 159 L.ed. 2d 578 (2004) "For more than a centry the central meaning of procedural due process has been clear; parties whose rights are to be affected are entitled to be heard. . . It is equally fundamental that the right of notice and the opportunity to be heard must be granted at a meaningful time and in a meaningful manner. These essential Constitutional promises may not be errored." (Quoting Fuentes v. Shevin, 407 U.S. 67, 80, 32 L.ed. 2d 556, 92 S.Ct. 1983 (1972)).

Thus, where the only statutory requirement in Rule 60(B)(4), is that the judgement be void; and Supreme Court caselaw, invalidate the statutory criminal penalty under review and consideration, this court has its order then, according to the law, and in light of stare decisis. . . The right of notice and opportunity to be heard, . . . "must" be granted.

## [Residual Clause Unconstitutional]

Mr Williams asserts that his conviction and sentence is unconstitutional and void, after United States v. Davis and most recently, United States v. Taylor. All Supreme Court caselaw that was issued after the movant's conviction and sentence became final. Thus, depriving the movant of the opportunity to challenge his conviction or criminal proceeding at first instance, in light of his rights to fair notice and due process protections. See United States v. L. Cohen Grocery Co, 255 U.S. 81, 65 L.ed. 516, 14 A.L.R. 1045, 41 Sup. Ct. Rep. 298; See Hoffman Estates v. Flip-

PG 13.

SIDE, HOFFMAN ESTATES, INC., 455 US 489, 494, N5, 71 L.Ed. 2d 362, 102 S.CT. 1186 (1982). SEE HAMDI V. RIMSFELD, 542 U.S. 507, 124 S.CT. 2633, 159 L.Ed. 2d 578 (2004).

HERE, MR WILLIAMS LAWFULLY REASONS THAT BECAUSE HIS CONVICTION AND SENTENCE UNDER THE RESIDUAL CLAUSE, IS OF NO LAW, AND UNCONSTITUTIONAL IN LIGHT OF UNITED STATES V. DAVIS, 139 S.CT. 2319, 204 L.Ed. 2d 757 (2019); HIS CURRENT SENTENCING PACKAGE IS VOID AND NOT LEGALLY COGNIZABLE UNDER VALID LAW, SEE 139 S.CT. AT 2324-25, 23 36. OR SUPREME COURT CASELAW. SEE JOHNSON V. UNITED STATES, 576 U.S. 591, 135 S.CT. 2551, 192 L.Ed. 2d 569 (2015); SEE SESSIONS V. DIMAYA, 138 S.CT. 1204, 200 L.Ed. 2d 549 (2018). SEE UNITED STATES V. TAYLOR, 596 U.S. _ (2022).

MR WILLIAMS ALSO POINTS OUT THE GOVERNMENT IS PROH-IBITED BY THE 'DUE PROCESS CLAUSE' FROM APPLYING A DIFFER-ENT SENTENCING PACKAGE (THINK ELEMENTS CLAUSE), RET-ROACTIVELY, TO CIRCUMVENT OR DEFEAT THE ENDS OF JUST-ICE BY 'BILL OF ATTAINDER'. SEE U.S. CONSTITUTIONAL ART. I, §9, CL. 3; SEE U.S. CONSTITUTIONAL ART. I, §10, CL.1.1; SEE ALSO CONSTIT-UTIONAL LAW 82.5. C.J.S. CONSTITUTIONAL LAW §§ 429-431; BECAUSE SUCH CIRCUMVENTING TACTICS ARE DESIGNED TO OMIT OR SUPRESS A DEFENDANT'S CHALLENGE TO HIS JUD-ICIAL PROCESS, WHICH INCLUDES A JURY TRIAL PROCESS, ACTS IN "EFFECT" AND "APPLICATION" AS A "BILL OF ATTAINDER". IN OTHER WORDS, THE GOVERNMENT HAS MADE IT'S JUDICIAL BED WITH THE "UNCONSTITUTIONAL" APPLICATION OF THE "RESID-UAL CLAUSE," NOW 'CONSEQUENTLY,' IT MUST LAY IN IT. (EMPHASIS ADDED).

PG14

MR WILLIAMS DOESN'T MEAN TO SIMPLIFY HIS POINT THAT THE
RESIDUAL CLAUSE IS UNCONSTITUTIONAL AND HIS CONVICTION BA-
SED SOLELY ON THAT FACT IS VOID. HE REASONS THAT SUCH
EXCESSIVE LITIGATION ON THAT PRINCIPLE OF LAW WOULD BE,
FRANKLY, UNNECESSARY AND A WASTE OF JUDICIAL TIME AND
CONSIDERATION, SINCE DAVIS ANNOUNCED A NEW RULE OF CON-
STITUTIONAL LAW THAT APPLIED RETROACTIVITY TO CASES
PENDING ON DIRECT APPEAL OR COLLATERAL ATTACK. SEE
DAVIS, 139 S.CT. AT 2324-25, 2336: THIS MEANING THAT ALL
JUSTICES OF THE COURT HAVE A CONSTITUTIONAL COMPELL-
ED DUTY OF ADJUDICATION IN LIGHT OF GRIFFITH V. KENTUCKY, 479
U.S. 314, 107 S.CT. 708, 93 L. Ed. 2d 649 (1987), TO FAMILIARIZE THEIR
KNOWLEDGE WITH THE AUTHORITIVE LEGAL RULES OF THE FEDERAL
CIRCUIT: SO NOT TO BEAT A DEAD HORSE OR HARPER UPON THE SAME
POINT OF ERRORS, THE MOVANT ASSERTS THE COURTS HAVE TO
TAKE 'JUDICIAL NOTICE' OF THE CURRENT STATE OF LAW, AND
ANY LIMITING CONSTRUCTION INTERPRETING THAT LAW. SEE
EX POST FACTO CLAUSE: SEE EX PARTE SIEBOLD, 100 U.S. 371, 25 L.
Ed. 717 (1880). "IF THE LAWS ARE UNCONSTITUTIONAL AND VOID,
THE CIRCUIT COURT ACQUIRED NO JURISDICTION OF THE
CAUSES." Id., AT 376-377, 25 L.ed. 717, (EMPHASIS ADDED).
THUS, MEANING "PER SE," THAT HIS "CONVICTION" AND
"SENTENCE" ARE VOID DUE TO THE "RESIDUAL CLAUSE'S"
APPLICATION ALONE. (EMPHASIS ADDED).

PG 15
MR WILLIAMS POINTS OUT THAT HE'S ENTITLED TO REL-
IEF AS A MATTER OF LAW, AND THAT NO SUCH CUSTOM
OR PROCEDURAL RULE CAN BE USED TO DIMINISH THAT

RIGHT, SINCE THE DAVIS COURT MADE IT CONSTITUT-
IONALLY CLEAR THAT A VAGUE LAW, IS NO LAW AT
ALL, AND THAT WERE THE RESIDUAL CLAUSE IS UNC-
ONSTITUTIONAL, ITS APPLICATION CAN HOLD NO WEIGHT
OR CARRY THE FORCE OF LAW. DAVIS, 139 S.CT. AT 2324
-25, 2336'. IN OTHER WORDS, IF THE COURT'S REVIEW IN
LIGHT OF RULE 60(B)(4) AND (B)(5), LEADS IT TO THE
RESIDUAL CLAUSE APPLICATION IN THIS MATTER, THE
COURT'S JURISDICTION OF THE CAUSES EVAPORATES.
THUS, MEANING THAT A COURT OF FEDERAL LAW CAN
NEITHER DENY OR AFFIRM A CRIMINAL CONVICTION BASED
ON THAT UNCONSTITUTIONAL APPLICATION AND UNCONST-
ITUTIONAL PRACTICE. SEE UNITED STATES V. UNITED STATES
COIN AND CURRENCY, "NO CIRCUMSTANCES CALL MORE FOR
THE INVOCATION OF A RULE OF COMPLETE RETROACTIVITY"
THAN WHEN "THE CONDUCT BEING PENALIZED IS CONS-
TITUTIONALLY IMMUNE FROM PUNISHMENT." 401 U.S., AT 724,
91 S.CT. 1041, 28 L.ED. 2D 434. SEE EX PARTE BOLLMAN, 8 U.S.
75, 4 CRANCH 75, 94, 2 L.ED. 554 (1807).

THE MOVANT STATES BECAUSE THE SENTENCE AND
CONVICTION FOR WHICH HE'S CURRENTLY SERVING; UN-
LAWFULLY, IS VOID BASED ON A UNCONSTITUTIONAL SEN-
TENCING PACKAGE APPLIED BY THE COURT, JUSTICE
AND FAIRNESS DEMANDS THAT THE COURTS CORRECT
ITS OWN MISTAKE. SEE GALL V. UNITED STATES, 552 U.S.
38, 51 (2007). SEE UNITED STATES V. 507 U.S. 725, 732, 113
S.CT. 1770, 123 L.ED. 2D 508 (1993). SEE HICKS V. UNITED

States, 137 S.Ct. 2000; 198 L.Ed. 2d 718 (2017), where the Supreme Court expressed "For who wouldn't hold a rightly diminished view of our courts if we allowed individuals to "linger" longer in prison than the "law" requires only because we were unwilling to correct our own obvious mistakes". id. See cf Sabillon-Umana v. United States, 772 F.3d 1328, 1333 (Ca10 2014); See Molina-Martinez v. United States, 578 US. __, __, 136 S.Ct. 1338, 194 L.Ed. 2d 444 (2016); —

Mr Williams reasons before the court that, "Where, as here, the underlying principle is that his sentence per se, is invalid and void as applied by the court in an unconstitutional manner, which violated his due process liberty interests. His conviction meets the statutory requirement for relief under Rule 60(B)(4)'s void judgment factor that "If the underlying judgment is void, it is a per se abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(B)(4)." See Northridge Church v. Charter Twp. of Plymouth, 647 F.3d. 606, 611 (6°Cir 2011); See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270, 130 S.Ct. 1367, 176 L.Ed. 2d 158 (2010); But See Also Rule 60(B)(5) (Any other reason justifying relief from the operation of judgment). Its for the aboves reasons he's entitled to the requested relief, or a evidentary hearing, so that he can be heard, and defend his substantive right. See Armour v. Indianapolis, 566 U.S. __, __, 132 S.Ct. 2073, 2080,

182 L.ed. 2d 998, 1005 (2012). See Ex Parte Siebold, 100 U.S. 371, 25 L.ed. 717 (1880). See also Wilkinson V. Leland, 2 Pet. 647. "Though there may be no prohibition in the Constitution, the Legislature is restrained from committing flagrant acts, from acts subverting the grate principles of Republican Liberty, and of the social contract, such as giving the property of A to B." "That government can scarcely be deemed to be free, where the rights of property are left solely dependant upon the will of the legislative body without any restraints. The fundamental maxims of a free government seem to require that the rights of personal liberty and private property should be held sacred; at least, no court of justice in this country would be warranted in assuming that the power to violate and disregard them, a power so repugnant to the common principles of justice and civil liberty, lurked under any general grant of legislative authority, or ought to be implied from any general expressions of the people. The people ought not to be presumed to part with rights so vital to their security and well being, without very strong and direct expressions of such an intention." 2 Pet. 657. See Brinkerhoff-Faris Trust and Sav. Co. V Hill, 281 US 673, 678, 74 L ed 1107, 1112, 50 S Ct 451. Which rights Mr Williams has not waived, and this court must not assume to the contrary. Johnson V. Zerbst, 304 U.S. 458, 464,

58 S.CT. 1019, 82 L.ED. 1461 (1938)(INTERNAL QUOTATION MARKS OMIT-
TED):

---

CONSPIRACY TO USE WEAPONS OF MASS DESTRUCTION IN
THE UNITED STATES IN CONNECTION WITH AN ALLEGED
PLOT TO DESTROY MILITARY AIRCRAFT AND PLACE EXPLOS-
IVE DEVICES AT SYNAGOGUES, AND CONSPIRACY TO ACQ-
UIRE AND USE ANTI-AIRCRAFT MISSILES, IN VIOLATION
OF 18 U.S.C. §§ 2332a(A)(2)(C) AND 2332g(A)(1),(B)(1) AND
(B)(5), ARE NO LONGER CRIMES OF VIOLENCE CATEGORICALLY
IN LIGHT OF STATUTORY INTERPRETATION AND FEDERAL
LAW. —
MR WILLIAMS STATES THAT IN LIGHT OF THE NEWLY DEV-
ELOPED LEGAL LANDSCAPE, AND SUPREME COURT'S DAVIS
CATEGORICAL APPROACH MANDATE. HIS CRIMINAL OFFENSES
OF CONSPIRACY TO COMMIT MASS DISTRUCTION (PER SE),
CONSPIRACY TO ACQUIRE AND USE ANTI-AIRCRAFT MISSILES (PER
SE) ARE NOT FEDERAL CRIMES OF VIOLENCE ANYMORE,
BECAUSE EACH OFFENSE CAN BE COMMITTED WITHOUT
THE QUALIFYING ELEMENTS, "USE, ATTEMPTED USE, OR
THREATENED USE, OF PHYSICAL FORCE AGAINST THE PERSON
OR PROPERTY OF ANOTHER." SEE 18 U.S.C. §924(C)(3)(A)(FORCE-
CLAUSE). IN UNITED STATES V. DAVIS, AND NOW MORE RECENT-
LY, UNITED STATES V. TAYLOR, NO. 20-1459(2022)(JUNE 21). THE
SUPREME COURT HAS BEEN CLEAR IN IT'S INSTRUCTIONS, . . .
THAT A FEDERAL OFFENSE CAN ONLY QUALIFY AS A CRIME
OF VIOLENCE IF IT HAS AS ITS ELEMENTS THE "USE, ATTEMPTED

PG 19.

USE, OR THREATENED USE, OF PHYSICAL FORCE—". SEE UNITED STATES V. DAVIS, 139 S.CT. 2319, 204 L.ED. 2d 757 (2019). SEE UNITED STATES V. TAYLOR, 596 US. _ (2022).

IN INTERPRETING A CRIMINAL STATUTE TO SEE IF IT QUALIFIES AS A CRIME OF VIOLENCE UNDER THE CATEGORICAL APPROACH, COURTS ARE TO IDENTIFY 'THE MINIMUM CRIMINAL CONDUCT' NECESSARY FOR CONVICTION UNDER A PARTICULAR STATUTE. SEE UNITED STATES V. HILL, 890 F. 3d 55 (2d CIR. 2018). SEE GONZALES V. DUENAS-ALVAREZ, 549 U.S. 183, 193, 127 S.CT. 815, 166 L. ED. 2d 683 (2007).

HERE, IN MR WILLIAMS'S CASE, IN ORDER TO PREVAIL ON A CONSPIRACY CONVICTION TO "USE WEAPONS OF MASS DISTRUC-TION — IN CONNECTION WITH AN ALLEGED PLOT," OR "CONSPIR-ACY TO ACQUIRE AND USE ANTI-AIRCRAFT MISSILES" (EMPHASIS ADDED), THE GOVERNMENT WOULD HAVE TO PROVE BEYOND A REASONABLE DOUBT THAT THERE WAS "(1) A UNITY OF PURPOSE BETWEEN THE ALLEGED CONSPIRATORS (2) AN INTENT TO ACHIEVE A COMMON GOAL, AND (3) AN AGREEMENT TO WORK TOGETHER TO-WARD THAT GOAL." UNITED STATES V. PRESSLER, 256 F. 3d 144, 147 (3d CIR. 2001). THUS, A CONSPIRACY TO USE WEAPONS OF MASS DIST-RUCTION IN CONNECTION WITH ANY 'PLOT' — ONLY REQUIRES AN AGR-EEMENT. TO COMMIT A CRIMINAL OFFENCE, AND 'DOESN'T' REQUIRE THE ELEMENTS OF "USE," ATTEMPTED USE, OR THREATENED USE OF PHYSICAL FORCE — " (EMPHASIS ADDED). THE SAME INTERPR-ETATION FOLLOWS FOR THE CRIMINAL STATUTE OF "CONSPIRACY TO ACQUIRE AND USE ANTI-AIRCRAFT MISSILES" BECAUSE THAT OFF ENCE ALSO ONLY REQUIRES AN "AGREEMENT" FOR A CONVICTION AND DOESN'T REQUIRE THE "USE, ATTEMPTED USE, OR THREATENED USE

PG 20.

OF PHYSICAL FORCE." (EMPHASIS ADDED). SEE UNITED STATES
V. MEDUNJANIN, 10-CR-0019(BMC), 19-CV-2371(BMC), 20-CV-2755
(BMC)(OCT 6, 2020): SEE RIZZUTO V. UNITED STATES, NO. 16-CV-35
57, 2019 U.S. DIST. LEXIS 122848, 2019 WL 3219156, AT 2 (E.D.N.Y.
JULY 17, 2019)(APPLYING JOHNSON'S DEFINITION TO 924(c)'S ELE-
MENTS CLAUSE);

MR. WILLIAMS POINTS OUT THE OBVIOUS FACTOR IN THIS EQ-
UATION; IF THE ELEMENTS FOR CONVICTION, IS AN "AGREEMENT,"
IN THE MOVANT'S CHARGED CONSPIRACY OFFENSES; AND
AN AGREEMENT, TO COMMIT A CRIME OF VIOLENCE, ISN'T IN
FACT, A CRIME OF VIOLENCE, AS THIS COURT ONCE THOUGHT,
OR CORRECTLY STATED, AS THE SECOND CIRCUIT ONCE THOUGHT
INCORRECTLY, IN UNITED STATES V. BARRETT, 903 F.3d 166 (2d
CIR. 2018), VACATED 139 S.CT. 2774, 204 L.Ed. 2d 1154 (2019), SEE ALSO
GENERALLY UNITED STATES V. BARRETT, 937 F.3d 126 (2d CIR. 2019)
(ABROGATED BY DAVIS, THAT A CONSPIRACY TO COMMIT A CRIME
OF VIOLENCE IS ITSELF A CRIME OF VIOLENCE UNDER THE RESIDUAL
CLAUSE) id.

THEN IT MUST GOES WITHOUT SAYING THAT MR. WILLIAMS'S
'CONSPIRACY OFFENSES' ARE NOT CATEGORICALLY A 'CRIME OF
VIOLENCE 'IN LIGHT OF DAVIS AND ITS EX POST FACTO APPLICATION.
IN LEOCAL V. ASHCROFT, 543 U.S. 1 N.4, 125 S.CT. 377, 160 L.Ed. 2d 271
(2004). THE SUPREME COURT INSTRUCTED THAT 18 U.S.C. §16, IS THE
UNIVERSAL DEFINITION FOR CRIME OF VIOLENCE. SEE 18 U.S.C. 16.
WHICH DEFINES A CRIME OF VIOLENCE AS "AN OFFENSE THAT
HAS AS AN ELEMENT THE USE, ATTEMPTED USE, OR THREATENED
USE OF PHYSICAL FORCE AGAINST THE PERSON OR PROPERTY OF ANOT-

PG 21.

HER, OR (B) ANY OTHER OFFENSE THAT IS A FELONY AND THAT, BY ITS NATURE, INVOLVES A SUBSTANTIAL RISK THAT PHYSICAL FORCE AGAINST THE PERSON OR PROPERTY OF ANOTHER MAY BE USED IN THE COURSE OF COMMITTING THE OFFENSE. 18 U.S.C. § 16. HERE, THE MOVANT LAWFULLY REASONS THAT AN "AGREEMENT" TO COMMIT A 'CRIME OF VIOLENCE' IN LIGHT OF CONSPIRACY, CAN'T CATEGORICALLY QUALIFY AS A CRIME OF VIOLENCE, BECAUSE AN 'AGREEMENT' BETWEEN TWO PEOPLE DOESN'T HAVE AS AN ELE- MENT "THE USE, ATTEMPTED USE, OR THREATENED USE OF PHYSICAL FORCE". (EMPHASIS ADDED).

THE MOVANT ASSERTS THAT THE RULE OF LAW REQUIRES STRICT STATUTORY INTERPRETATION OF PENAL STATUTES. SEE STATUTES 241. C.J.S. STATUTES § 378 : "IT IS A FAMILIAR AND WELL SETTLED RULE THAT PENAL STATUTES ARE TO BE CONSTRUED STRICTLY, AND NOT EXTENDED BY IMPLICATIONS, INTENDMENTS, ANALOGIES, OR EQUITABLE CONSIDERATIONS. THUS, AN OFFENSE CANNOT BE CREATED OR INFERRED BY VAGUE IMPLICATIONS. AND A COURT CANNOT CRATE A PENALTY BY CONSTRUCTION, BUT MUST AVOID IT BY CONSTRUCTION UNLESS IT IS BROUGHT WITHIN THE LETTER AND THE NECESSARY MEANING OF THE ACT CREATING IT." HENRY CAMPBELL BLACK, HANDBOOK ON THE CONSTITUTION AND INTERPRETATION OF THE LAWS 287 (1896). AND THAT, IF THIS COURT 'FOLLOWS' THE "LAW" IN ACCORDANCE WITH "STARE DECISIS" AND THE RULE OF "STATUTORY CONSTRUCTION", WILL CATEGORICALLY INTERPRET THAT "ALL" THE "CONSPIRACY" OFFENSES FOR WHICH HE WAS "CHARGED" AND "ENHANCED" FOR

AS "CRIMES OF VIOLENCE," ARE 'NO LONGER' INTERPRETABLE AS CRIMES OF VIOLENCE DUE TO THE 'ELEMENT' FACTOR OF "AGREEMENT." (EMPHASIS ADDED).

MR WILLIAMS ALSO POINTS OUT THAT IN ORDER FOR THIS COURT TO UPHOLD HIS CONSPIRACY OFFENSES AS CRIMES OF VIOLENCE, THE COURT HAS TO EXCEPT-(CORRECTION), ACCEPT THE 'AGREEMENT' ELEMENT, AS A CONTRIBUTING "CRIME OF VIOLENCE" FACTOR, WHICH THIS COURT KNOWS WAS ABROGATED IN U.S. V. BARRETT, 937 F.3d 126 (2d CIR. 2019).

THE MOVANT STATES THAT HE'S ENTITLED TO RELIEF IN LIGHT OF HIS CONSPIRACY OFFENSES BEING VOID AS CRIMES OF VIOLENCE AND PROHIBITED FROM FEDERAL JURISDICTION. THAT RIGHT IS ALSO THOUGHT OF AS COMPELLING WHEN THE COURT TAKES INTO CONSIDERATION THE FUNDAMENTAL PRINCIPLE OF RIGHTS TO FAIR NOTICE AND DAVIS'S RETROACTIVE MANDATE OF THE CATEGORICAL APPROACH. RESPECTFULLY, AN APPROACH ISSUED AFTER MR WILLIAMS'S CONVICTION AND SENTENCE BECAME FINAL, THUS DEPRIVING HIM OF AN OPPORTUNITY TO CONTEST THE RESIDUAL CLAUSE'S SENTENCING PACKAGE CATEGORICALLY, IN THE FIRST INSTANCE. (THINK-'INDICTMENT STAGE', PRETRIAL STAGE, AND TRIAL STAGE, ETC.), AS DUE PROCESS DEMANDS.

PG 23.

ATTEMPT TO USE WEAPONS OF MASS DESTRUCTION WITHIN 18 U.S.C. 2332 A; AND ATTEMPT TO ACQUIRE AND USE ANTI-AIRCRAFT MISSILES WITHIN 18 U.S.C. 2332 G; AND ATTEMPT TO KILL OFFICERS AND EMPLOYEES OF THE UNITED

STATES WITHIN 18 U.S.C. 1114; ARE NO LONGER CATEGORICAL "CRIMES OF VIOLENCE" BY STATUTORY CONSTITUTION AND SUPREME COURT GUIDENCE ON THE PROPER WAY TO INTERPRET THE ELEMENT OF "ATTEMPT," IN CRIMINAL OFFENSES. SEE UNITED STATES V. TAYLOR, 596 U.S. __ (2022). IN WHICH THE TAYLOR COURT ADDRESS A SIMILAR PRINCIPLE OF LAW AND INTERPRETATION FOR THE ACT OF CONSPIRACY (PER SE) AND ATTEMPT (PER SE); BEING THAT LIKE TAYLOR, MR WILLIAMS WAS CHARGED WITH BOTH OFFENSES OF CONSPIRACY TO COMMIT, AND ATTEMPTED TO COMMIT, CRIMINAL ACTS AGAINST THE LAWS OF THE UNITED STATES. THE MOVANT REASONS THAT BASED ON THE TAYLOR'S COURT RATIONAL AND PRINCIPLE; HIS OFFENSES OF ATTEMPT TO USE WEAPONS OF MASS DISTRUCTION; ATTEMPT TO ACQUIRE AND USE ANTI-AIRCRAFT MISSILES; AND ATTEMPT TO KILL OFFICERS AND EMPLOYEES OF THE UNITED STATES; ARE NO LONGER 'QUALIFIED' AS "CRIMES OF VIOLENCE" UNDER THE RESIDUAL CLAUSE, WHICH "APPLICATION" AND "SENTENCING PACKAGE," IS ILLEGAL NOW AND CONTAINS NO FORCE OF WEIGHT OR LAW. UNITED STATES V. DAVIS, 588 U.S. __ (2019); (EMPHASIS ADDED).

## UNITED STATES VS. TAYLOR

IN UNITED STATES V. TAYLOR, THE COURT ADDRESSED THE QUESTION OF ATTEMPTED HOBBS ACT ROBBERY AND WHETHER OR NOT THAT OFFENSE CONSTITUTED A CRIME OF VIOLENCE IN LIGHT OF THE ELEMENTS CLAUSE, AFTER DAVIS INVALIDATED THE RESIDUAL CLAUSE. THE COURT INSTRUCTED THAT— "TO DETERMINE WHETHER A FED-

PG 24.

ERAL FELONY MAY SERVE AS A PREDICATE FOR A CONVICTION AND SENTENCE UNDER THE ELEMENTS CLAUSE, THEY SAY, WE MUST APPLY A "CATEGORICAL APPROACH". WE MUST BECAUSE THE CLAUSE POSES THE QUESTION WHETHER THE FEDERAL FELONY AT ISSUE "HAS AS AN ELEMENT THE USE, ATTEMPTED USE, OR THREATENED USE OF PHYSICAL FORCE." §924(C)(3)(A)(EMPHASIS ADDED). THE TAYLOR COURT ADDITIONAL INSTRUCTED THAT IN-"ANSWERING THAT QUESTION DOES NOT REQUIRE — IN FACT, IT PRECLUDES — AN INQUIRY INTO HOW ANY PARTICULAR DEFENDANT MAY COMMIT THE CRIME. THE ONLY RELEVANT QUESTION IS WHETHER THE FEDERAL FELONY AT ISSUE ALWAYS REQUIRES THE GOVERNM-ENT TO PROVE-BEYOND A REASONABLE DOUBT, AS AN ELEMENT OF ITS CASE — THE USE, ATTEMPTED USE, OR THREATENED USE, OF FORCE." Id (QUOTING U.S. V. TAYLOR, (2022))(VERBATIM).

MR WILLIAMS ASSERTS THAT EVEN WITH THE SUPREME COURT'S ANALYSIS ASSESSING THE OFFENSE OF 'ATTEMPTED' HOBBS ACT ROBBERY; THE COURT'S RATIONAL AND PRINCIPLE IN TAYLOR, IMPACTS HIS CONVICTION AND SENTENCE BY INTER-PRETATION AND STATUTORY CONSTRUCTION.

THE MOVANT POINTS OUT THAT IN TAYLOR, THE COURT'S ASS-ESSMENT AND ANALYSIS OF 'ATTEMPT,' APPLIES TO CASES CHARGING OFFENSES OF ATTEMPTS TO COMMIT; AND ATTEMPTS TO USE; BECAUSE THE ELEMENT OF ATTEMPT, AS RECOGNIZED BY THE SUPREME COURT, DOESN'T INCLUDE "THE USE, ATTEMPTED USE, OR THREATENED USE OF PHYSICAL FORCE". SEE UNITED STATES V. TAYLOR, 596 U.S. ___ (2022)(ILLUST-RATIVE EXAMPLE WITH STORY OF ADAM) Id. AT 115.

HERE, IN MR WILLIAMS'S CASE, HE REASONS THAT SINCE HIS
CRIMINAL CASE WAS INITIALLY PROCESSED UNDER THE RESID-
UAL CLAUSE'S, RISK CLAUSE; HIS CONVICTION AND SENTENCE
WAS VOID, IN ITS ENTIRETY, AFTER THE SUPREME COURT ANNU-
LLED THE RESIDUAL CLAUSE AND ITS SENTENCING PACKAGE
RETROACTIVELY.

HE OBJECTS TO ANY "CIRCUMVENTING" TACTICS BY THE GOV-
ERNMENT TO SIDESTEP' THAT CRITICAL FACTOR OR TO DEFEAT'
THE ENDS OF JUSTICE UNFAIRLY. NEVERTHELESS, THE MOVANT
SUSPECTS THAT THE GOVERNMENT IS GOING TO DO WHAT
THE GOVERNMENT DOES, .."ARGUE INVALID FACTORS, IN ORDER
TO VALIDATE, INVALID CONVICTIONS". (EMPHASIS ADDED). THAT
EXAMPLE, BEING MADE IN THE SUPREME COURT CASES CITED
IN THIS MOTION; WHERE DESPITE, THE PRINCIPLE OF LAW BE-
ING CLEAR, OR THE APPLICABLE LAW BEING OBVIOUS, THE GOV-
MENT STILL REASONS FOR UNJUST RESULTS. SUCH ACTIONS
FROM AN ALLEGED TRUTH SEEKING ENTITY IS UNETHICAL
AND FLOUTS THE LINES OF JUSTICE BY TURNING NIGHT, INTO
DAY, AND DAY INTO DAY AGAIN, COMMITTING PLAINERROR
THROUGH DEVIATION FROM LEGITIMATE PRACTICES.

MR WILLIAMS ASSERTS THAT HIS OFFENSES OF "ATTEMPT
TO USE WEAPONS OF MASS DISTRUCTION" ISN'T CATEGORICALLY
A CRIME OF VIOLENCE BECAUSE IT CAN BE COMMITTED BY A
NON-VIOLENT SUBSTANTIAL STEP, AS THE TAYLOR OBSERVED,
THAT A SUBSTANTIAL STEP DEMANDS SOMETHING MORE
THAN "MERE PREPARATION". SWIFT AND CO. V. UNITED STATES,

196 U.S. 375, 402 (1905) AND THAT THE STEP, MUST BE "UNEQUIVOCAL", AND "SIGNIFICANT," THOUGH IT "NEED NOT BE VIOLENT," SEE BRIEF FOR UNITED STATES 22. (CITING U.S. V. TAYLOR, 596 U.S. __ (2022)).
THE TAYLOR COURT ALSO INSTRUCTED THAT AN "INTENTION", IS JUST THAT, NO MORE.

MR WILLIAMS ALSO STATES THAT THE ATTEMPTED OFFENSE TO ACQUIRE AND USE ANTI- AIRCRAFT MISSILES SUFFERS FROM THE SAME CATEGORICAL FLAW, EXCEPT WITH THE 'EXCEPTION' THAT IT CAN BE COMMITTED WITH JUST THE ACT OF SIMPLY ASKING FOR AN ANTI- AIRCRAFT MISSILE WITH THE INTENTION TO COMMIT A CRIMINAL OFFENSE, OR BEING A PROHIBITED PERSONS, IT DOESN'T REQUIRE THE USE, ATTEMPTED USE, OR THREATENED USE OF PHYSI- CAL FORCE," AS DEMANDED, SEE ELEMENTS CLAUSE.

LAST, MR WILLIAMS REASONS, THAT LIKE ADAM, IN THE SUPREME COURT'S EXAMPLE, HIS CRIMINAL OFFENSE OF "ATTEMPT TO KILL OFF- ICERS AND EMPLOYEES OF THE UNITED STATES," NEVER WAS ACTED OUT AND HE WAS ARRESTED BEFORE ANYONE WAS HURT. THUS, SHOW- ING THAT THE ACT AND OFFENSE CAN BE COMMITTED WITHOUT THE USE, ATTEMPTED USE, OR THREATENED USE OF PHYSICAL FORCE. SEE UNITED STATES V. TAYLOR, 596 U.S. __ (2022); SEE ALSO STARE DECISIS!

AGAIN, MR WILLIAMS OBJECTS TO THE 'EX POST FACTO' APPLICATION OF THE "ELEMENT CLAUSE'S" SENTENCING PACKAGE, NOW THAT THE "RESIDUAL CLAUSE'S" SENTENCING PACKAGE FOR WHICH HE WAS CONVIC- TED AND SENTENCED UNDER IS UNCONSTITUTIONAL.

HE REASONS THAT HIS CONVICTION AND SENTENCE ARE VOID IN LIGHT OF SUPREME COURT CASELAW AND THE RESIDUAL

PG 27.

CLAUSES UNCONSTITUTIONAL SENTENCING PACKAGE; MR WILLIAMS INVOKES HIS CONSTITUTIONAL PROTECTIONS TO DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAW. THUS, UNDER THE CRIME OF VIOLENCE DEFINITION OF THE RESIDUAL CLAUSE (RISK-CLAUSE), SEE 924(C)(3)(B); SEE ALSO DAVIS, 588 U.S., AT __-__(SLIP OP., AT 5-7)! THE MOVANT IS ENTITLED TO RELIEF BECAUSE THE OFFENSES FOR WHICH HIS LIBERTY IS AT STAKE, ARE NO LONGER CATEGORICAL CRIMES OF VIOLENCE AGAINST UNITED STATES OF AMERICA.

MR WILLIAMS IS ENTITLED TO IMMEDIATE RELEASE SINCE IN "REALITY," HE'S SPENT THE LAST DECIDE PLUS BEHIND BARS FOR A "NON VIOLENT" FEDERAL "MISDEMEANOR". BECAUSE IT GOES WITHOUT SAYING THAT IF AN OFFENSE ISN'T A "FEDERAL" CRIME OF VIOLENCE, EITHER ITS (1) A FEDERAL MISDEMEANOR, OR (2) NO LAW FOR WHICH A FEDERAL COURT MAY PUNISH... THE OPTIONS ARE FEW AND FEWER.

ITS FOR THE ABOVE LAW AND FACTS, CONTAINED IN THIS MOTION MR WILLIAMS DESERVES RELIEF FROM HIS VOID JUDGMENT IN LIGHT OF RULE 60(B)(4)'S VOID JUDGMENT PRONG.

---

## RULE 60(B)(6)

RULE 60(B)(6) AUTHORIZES A COURT TO GRANT RELIEF TO A DEFENDANT FOR ANY OTHER REASON JUSTIFYING RELIEF FROM THE OPERATION OF THE JUDGEMENT.

THE RULE DOESN'T EXPRESS ANY SORT OF GUIDING STAR AS TO WHAT KIND OF REASON OR EVEN WHAT SCOPE THE REASON-

ING MAY BE CONSIDERED'. DUE TO THIS LACK OF DESCRIPTION AND VAGUENESS, MR WILLIAMS MAKES THE "REQUEST" TO HAVE ALL ARGUMENTS CONTAINED IN THIS RULE 60(B)(4) MOTION, FOR VOID JUDGMENT, 'INCORPORATED' INTO HIS RULE 60(B)(6) ARGUMENT FOR ANY OTHER REASON JUSTIFYING RELIEF FROM THE OPERATION OF JUDGMENT.

THE MOVANT SEEKS INCORPORATION OF HIS RULE 60(B)(4) CLAIMS, INTO HIS RULE 60(B)(6) LITIGATION AND RELIEF BASIS, OUT OF AN ABUNDANCE OF CAUTION THAT CERTAIN FOUNDATIONS WOULD-N'T RECEIVE THE PROPER CONSIDERATION IN ONE PRONG, AS IT MAY IN THE NEXTS, THUS, INCORPORATION IS NEEDED TO PROTECT MR WILLIAMS'S DUE PROCESS RIGHTS TO EQUAL PROTECTION OF THE LAW AND FAIR REVIEW.

## [OTHER REASON JUSTIFYING RELIEF]
### RIGHTS TO FAIR NOTICE

MR WILLIAMS ASSERTS THAT HE'S ENTITLED TO RELIEF BECA-USE HIS RIGHTS TO FAIR NOTICE WERE VIOLATED AFTER THE SUP-REME COURT STRUCK THE RESIDUAL CLAUSE AS UNCONSTITUTIONAL AND INVALIDATED THE RISK CLAUSE SENTENCING PACKAGE THAT HE WAS CONVICTED AND SENTENCED UNDER.

HE STATES THAT SINCE THE CONSPIRACY OFFENSES PUT FORTH AT HIS GRAND JURY AND TRIAL, AS "CRIMES OF VIOLENCE", ARE NO LONG-ER CATEGORICALLY INTERPRETED AS CRIMES OF VIOLENCE, HIS RIGHTS TO FAIR NOTICE AND DUE PROCESS REQUIRES A HEARING INTO THIS MATTER SO THAT HE CAN BE "HEARD". HAMDI V. RIMSFELD, 542 U.S. 507, 124 S.CT. 2633, 159 L.ed. 2d 578 (2004). SEE ALSO UNITED STATES V. L.

Cohen Grocery Co. 255 U.S. 81, 65 L. Ed. 516, 14 A.L.R. 1045, 41 Sup. Ct. Rep. 298; The movant reasons that since his entire indictment is based on federal felonys that were falsely assumed to be crimes of violence in light of the residual clause; that 'false pretense' is the 'due process' of law's bar against continuing the deprivation of liberty against the movant. In U.S. v. Taylor, which called into question all attempt offenses, when the Court assessed if attempted Hobbs Act Robbery was a categorical crime of violence, explained that "To determine whether a federal felony qualifies as a crime of violence, 924(c)(3)(A) doesn't ask whether the crime is sometimes or even usually associated with communicated threats of force (or, for that matter, with the actual or attempted use of force). It asks whether the government must prove, as an element of its case, the use, attempted use, or threatened use of force." id.

Mr Williams reasons that he's entitled to be heard because since his 2009 arrest, for the conspiracy and attempted offenses, which are no longer crimes of violence per, Supreme Court statutory construction. The legal landscape has retroactively developed in ways that deemed his criminal process unfair, because of his failure and opportunity to challenge the current state of today's law. In other words, the jury that got convicted him; never got a chance to evaluate the ele-

MENTS NEEDED TO SUPPORT WHETHER OR NOT MR WILLIAMS
CRIMES WERE 'CRIMES OF VIOLENCE', THAT HAS AS AN ELEMENT
"THE USE, ATTEMPTED USE, OR THREATENED USE OF FORCE".
UNITED STATES V. TAYLOR, 596 U.S. — (2022). FACTORS AND ELE-
MENTS NOW CONSTITUTIONALLY MANDATED FOR CONSIDERATION,
SEE UNITED STATES V. DAVIS, 588 U.S. — (2019).
HIS RIGHTS TO "FAIR NOTICE" AFFORDS HIM A CHANCE AND RIGHT
TO CONTEST THE RETROACTIVE APPLICATION OF THE ELEMENTS
CLAUSE, AS APPLIED IN THE EX POST FACTO MANNER PROHIBITED
BY THE CONSTITUTION, SEE CONSTITUTIONAL LAW 197. SEE ALSO
COURTS 100(1)(COURTS DOES NOT APPLY NEWLY ANNOUNCED JUDI-
CIAL RULE, WHERE RULE EITHER RETROACTIVELY ALTERS DEFINITION
OF CRIME OR INCREASES PUNISHMENT FOR AN OFFENSE) id.
THE FACT THAT MR WILLIAMS WAS CONVICTED AND SENTENCED
IN 2009, FOR CONSPIRACY AND ATTEMPTED OFFENSES ASSUMED OR
MISTAKEN, TO BE CRIMES OF VIOLENCE, BEFORE THE SUPREME COURT
ANNOUNCED DAVIS, OR TAYLOR, FOR THAT MATTER; WHICH BOTH
DEFINED WHAT CONSTITUTES AS A CRIME OF VIOLENCE, AND THE
ELEMENTS TO HELP GUIDE THAT INTERPRETATION, AFTER HIS SENT-
ENCE BECAME FINAL.
SHOULD BE ENOUGH IN LIGHT OF LAW TO SEE THAT HIS RIGHTS
TO FAIR NOTICE WERE INFRINGED UPON RETROACTIVELY AND IS
ENTITLED TO RELIEF IN WAKE OF THAT RIGHT.

28 U.S.C 1746

PG 31

I DO SO DECLARE UNDER THE PENALTY OF PERJURY, THAT
THIS IS A TRUE AND ACCURATE BILL.

EXECUTED ON
5/19/2023

*David Williams*

## CERTIFICATE OF SERVICE

ON MY HAND, I DECLARE THAT ALL PARTIES HAVE BEEN
SERVED NOTICE OF THIS CLAIM BY WAY OF U.S. POSTAL
MAIL SERVICE, AND PRO SE LITIGATION.

CLERK OF COURTS
Southern District of New York
500 PEARl street
New York, N.Y. 10007

JUSTICE COLLEEN MCMAHON
United States Chief District Judge
Southern District of New York
500 PEARl street
New York, N.Y. 10007

PG32

DAVID WILLIAMS IV # 70659-054
United States Penitentiary- Pollock
P.O. BOX 2099
Pollock, LA 71467



RECEIVED
SDNY PRO SE OFFICE
2023 JUN -5 PM 4:09

USMP3
SDNY

CLERK OF Courts
Southern District of New York
500 PEARL STREET

New York, N.Y. 10007